IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MITCHELL D. DARTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-912-D |
| | ) | |
| OKLAHOMA COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff, a prisoner appearing *pro se*, filed this action on August 24, 2017 [Doc. No. 1], seeking relief under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings.

On August 28, 2017, Judge Erwin granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. No. 2], but ordered Plaintiff to pay an initial partial filing fee of $9.78 by September 18, 2017. [Doc. No. 5]. Plaintiff was advised that his failure to comply with the Order would result in Judge Erwin recommending dismissal of the action without prejudice. *Id.* at 2.

Plaintiff was granted two extensions to make the initial partial payment, resulting in a final deadline for payment on November 22, 2017. [Doc. Nos. 7, 10]. On November 21, 2017, Plaintiff filed a Notice with the Court. [Doc. No. 11]. Without providing any supporting documentation, Plaintiff asserted in his Notice that the Oklahoma County Detention Center had failed to withdraw the money from his account. Plaintiff advised the

Court that he "was on [his] way to prison now and [would] have money there." *Id*. Plaintiff asked the Court not to dismiss his case. *Id*.

On January 19, 2018, Judge Erwin filed a Report and Recommendation ("Report") [Doc. No. 12], in which he recommended that this action be dismissed without prejudice because Plaintiff had failed to pay the partial filing fee. Judge Erwin advised Plaintiff of his right to object and directed that any objection be filed on or before February 5, 2018. Judge Erwin further advised Plaintiff that any failure to object would result in waiver of the right to appellate review.

The deadline for filing objections has passed. To date, Plaintiff has not filed objections and has not sought an extension of time in which to do so. The Court notes that the record reflects the copy of the Report mailed to Plaintiff was returned as undeliverable. [Doc. No. 13].

Local Rule 5.4(a) expressly provides that a *pro se* litigant must file a change of address form when he moves, and the responsibility of the Court and the opposing parties is limited to mailing pleadings to a *pro se* litigant's last known address. LCvR 5.4(a). Material mailed by the Court to the last known address furnished by the *pro se* litigant is deemed delivered. *Id. See also* FED. R. CIV. P. 5(b)(2)(C) (service complete upon mailing to person's last known address). To date, Plaintiff has not filed a change of address form or otherwise informed the Court of his new address. *See* LCvR 5.4(a).

The Court agrees with Judge Erwin that Plaintiff's failure to pay the partial filing fee warrants dismissal of this case without prejudice. *See Cosby v. Meadors*, 351 F.3d 1324, 1332 (10th Cir. 2003) (dismissal warranted where prisoner repeatedly failed to

comply with the district court's orders to make partial monthly payments toward the filing fee). Plaintiff was given ample time to comply. Further, Plaintiff presented no evidence to support his assertion that the Oklahoma County Detention Center had failed to withdraw the money nor did he provide the Court with any documents purporting to authorize such withdrawals.

The Tenth Circuit has "consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 Fed. Appx. 915, 916-917 (10th Cir. May 16, 2012) (unpublished)[1] (internal quotation marks omitted), *citing Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003); *see also AdvantEdge Bus. Group v. Thomas E. Mestmaker & Associates, Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (dismissal without prejudice warranted as sanction for failure to prosecute or for failure to comply with local or federal procedural rules); *Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir. 1992); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (dismissal appropriate where party disregards court orders and fails to proceed as required by court rules).

Accordingly, Judge Erwin's Report and Recommendation is ADOPTED as though fully set forth herein. This action is dismissed without prejudice to the filing of a new action. A judgment shall be issued forthwith.

---

[1] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

IT IS SO ORDERED this 12th day of February 2018.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE